IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION


| | | |
|---|---|---|
| JEFFREY TEASTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-245 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits. For the reasons provided herein, defendant's motion for summary judgment [doc. 17] will be denied, and plaintiff's motion for judgment on the pleadings [doc. 12] will be granted to the extent it seeks remand under sentence four of § 405(g).[1]

I.

*Procedural History*

Plaintiff filed the present benefits application in July 2003, claiming to be disabled by "low back pain, can't stoop, bend, stand, or sit for long periods of time." [Tr.

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

147, 178].  He alleged a disability onset date of December 6, 1996.  [Tr. 147].[2]  The

application was denied initially and on reconsideration.  Plaintiff then requested a hearing,

which took place before an Administrative Law Judge ("ALJ") in March 2005.

In July 2005, the ALJ issued a decision denying benefits.  [Tr. 96-103].

Plaintiff sought review from the Commissioner's Appeals Council, which vacated and

remanded for further evaluation of plaintiff's back impairment.  [Tr. 123-26].  In material

part the Appeals Council ruled, "The residual functional capacity ["RFC"] established by the

Administrative Law Judge indicates that the claimant is unable to stoop or bend forward . .

. .  According to Social Security Ruling 85-15, stooping is required to perform almost any

kind of work. . . .  Further consideration of the vocational aspects of this case is warranted."

[Tr. 125].

The ALJ conducted a second administrative hearing in December 2006 and

subsequently rendered another decision denying benefits.  Therein, he found that plaintiff

suffers from "low back pain, dysthymia, personality disorder, history of substance abuse,

[and] kidney impairments," which are "severe" impairments but not equivalent, singularly

or in concert, to any impairment listed by the Commissioner.  [Tr. 17].  The ALJ concluded

that plaintiff's subjective complaints are to some degree not credible, and he also declined

to adopt a treating physician opinion that plaintiff should never engage in postural activities

such as bending and stooping.  [Tr. 18-21].  The ALJ found plaintiff capable of light work

---

[2]  Plaintiff subsequently amended his onset date to June 1, 2003. [Tr. 76].

subject to certain mental, postural, and environmental limitations. [Tr. 18]. The ALJ ultimately concluded, based on vocational expert testimony, that a significant number of light jobs exist in the local and national economies to accommodate plaintiff's RFC. [Tr. 21-22].

Appeals Council review was denied on April 19, 2007. [Tr. 7]. The ALJ's second ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Through his timely complaint, plaintiff has properly brought his case before this court for review. *See* 42 U.S.C. § 405(g).

## II.

### *Background and Testimony*

Plaintiff was born in 1963 and has a ninth grade education. [Tr. 49, 147]. He has previously performed construction work. [Tr. 179]. Due to back pain, plaintiff purportedly spends his days "[j]ust laying around." [Tr. 61]. He allegedly "can't get out and do anything[.]" [Tr. 232].

## III.

### *Vocational Expert Testimony*

Vocational expert Edward Smith ("VE") testified at the second administrative hearing. The ALJ hypothesized a worker of plaintiff's age, education, and work experience restricted to light work, with additional limitations including only "occasional stooping, bending, crouching, crawling, kneeling, or balancing." [Tr. 84].

In response, the VE identified unskilled jobs existing in the regional and national economies that the hypothetical claimant could perform - cashier, textile checker, laundry folder, and rental clerk. [Tr. 85]. The rental clerk position would be eliminated if the hypothetical claimant was unable to read or write. [Tr. 85-86]. The cashier position would be eliminated if the hypothetical claimant were unable to make change or identify numbers. [Tr. 86]. If the claimant would miss work three or more days per month, all employment would be precluded. [Tr. 86].

IV.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g)*; Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if he (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.

> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof during the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id.*

V.

*Analysis*

A. Remand

The parties agree that plaintiff suffered a back injury in 1996 when he jumped off of a backhoe, resulting in "a circumferential anterior tear with radial component in the disc at L3-4." [Tr. 362, 478]. At issue is the extent and effect of the pain resulting from that injury.

In July 2003, treating pain consultant Dr. Stephen Lucas opined that plaintiff "cannot do any twisting, forward bending, stooping, or assuming of awkward positions." [Tr. 467]. In September 2006, examining orthopaedic consultant Dr. James Lashley opined that plaintiff could *occasionally* stoop. [Tr. 673, 677, 679].

The ALJ's second decision cites Dr. Lucas's opinion [Tr. 18] and the opinion of Dr. Lashley [Tr. 19]. The ALJ adopted an RFC more consistent with the views of one-time examiner Lashley ("Back pain precludes him from more than occasional posturals . . ." [Tr. 20-21]) but offered no cogent explanation why Dr. Lashley's assessment was deemed

more credible than that of treating physician Lucas.

The opinion of a treating physician is entitled to great weight if supported by sufficient clinical findings consistent with the evidence.  *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994).  The Commissioner may reject the opinion of a treating physician if, in part, a valid basis is articulated for the rejection.  *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).  The court concludes that a valid basis was not articulated in this case, and that remand is therefore required.

An administrative decision should generally not be reversed and remanded where doing so would be merely "an idle and useless formality."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (citation omitted).  At the same time, a reviewing court cannot deem an error harmless solely because the claimant "appears to have had little chance of success on the merits anyway."  *Id.* at 546 (citation omitted).  Instead, the court must be able to discern at least *some* indirect support for the challenged rejection of a pertinent opinion, such as:

> 1. The medical opinion was so patently deficient that no reasonable fact-finder could have credited it;
>
> 2. The ALJ elsewhere adopted the opinion;
>
> 3. An earlier decision by the ALJ adequately addressed the issue; or
>
> 4. The ALJ's reasoning could be inferred from his overall discussion of the condition.

*Id.* at 547; *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 462-67 (6th Cir. 2005).

The court finds none of these circumstances present in this case. Dr. Lucas's opinion is not "patently deficient." The ALJ did not elsewhere adopt Dr. Lucas's views. No illumination can be found in the ALJ's prior decision, as plaintiff was originally found completely unable to bend or stoop [Tr. 102] yet, without explanation, he was deemed able to occasionally perform these activities in the decision now on appeal. Lastly, the reasoning for rejecting Dr. Lucas's opinion cannot be discerned from the ALJ's overall discussion. The ALJ *alluded to* plaintiff's occasional reports of reduced pain, his admitted physical activities, and his apparent substance abuse and false testimony, but did not *explain* the rejection of Dr. Lucas's postural opinion to this court's satisfaction. *See Shelman*, 821 F.2d at 321.

This matter will accordingly be remanded to the Commissioner for further evaluation of plaintiff's claim - particularly the abilities to engage in postural activities in light of Dr. Lucas's assessment. Further, as will be discussed in more detail below, plaintiff's activity level and credibility appear to be prominent issues in the view of this court. However, plaintiff's activity level should not be a controlling issue on remand unless the record pertaining to that issue undergoes meaningful further development.

Additionally, the court notes that WRAT-3 testing has placed plaintiff's reading ability at the second grade level and his mathematic skills at the third grade level. [Tr. 378]. The Commissioner shall again take vocational expert testimony at plaintiff's next administrative hearing, addressing in part the limited abilities to read and perform math.

Lastly, the court notes that the ALJ apparently applied plaintiff's original alleged onset date (December 6, 1996) rather than the amended onset date of June 1, 2003. [Tr. 15, 22]. It is expected that the correct onset date will be considered on remand.

## B. Reversal

To the extent that plaintiff asks this court to award benefits, that request will be denied. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*.

The present record does not meet the standard set forth in *Faucher*. There exists conflicting objective evidence regarding plaintiff's capacity for postural activities.

In addition, myriad discrepancies leave the undersigned unable to seriously credit plaintiff's subjective complaints. For example, at his March 2005 administrative hearing, plaintiff testified that he had consumed no alcohol or marijuana since 2001. [Tr. 54]. However, to Dr. Lucas's staff in November 2002 he acknowledged marijuana usage within the prior three to four weeks. [Tr. 481]. On his August 2003 Activities of Daily Living Questionnaire, plaintiff admitted current alcohol usage but did not admit current illegal drug use. [Tr. 207-08]. Two months later, in addition to admitting typically drinking

9

seven or eight beers at a time, some whiskey, and wine once or twice per week, plaintiff told

consulting examiner Kathryn Hill that he "will smoke pot if it is available. The last time was

three to four weeks ago." [Tr. 497, 499]. On a supplemental November 2003 Questionnaire,

plaintiff claimed to have stopped drinking alcohol at some point in time due to his

medication, but again did not acknowledge any illegal drug use. [Tr. 233-34].

Although a nurse practitioner wrote in November 2006 that "[r]andom drug

testing has given evidence of . . . the absence of illicit substance use" [Tr. 685], plaintiff's

believability is significantly impacted by his choice to at every turn present a different

version of the facts pertaining to his drug and alcohol abuse. It is also striking that plaintiff

has claimed to be unable to afford medication [Tr. 254] yet is able to afford cigarettes,

alcohol, and street drugs.

Further, at the March 2005 administrative hearing, plaintiff claimed to be

unable to recall his Social Security number. [Tr. 45]. At the September 2003 examination

by Ms. Hill, plaintiff knew the number. [Tr. 497].

As noted above, plaintiff purportedly spends his days "[j]ust laying around"

[Tr. 61] and allegedly "can't get out and do anything[.]" [Tr. 232]. Plaintiff can, however,

admittedly do at least minimal mowing, driving, and shopping for cigarettes. [Tr. 49, 58-59,

79, 419, 496, 619]. Although he has told the Commissioner that he has been disabled since

either 1999 [Tr. 144] or 1996 [Tr. 147], plaintiff was able to ride a motorcycle as recently as

August 2000 [Tr. 382-87], ride a bicycle as recently as June 2001 [Tr. 395, 399], and "tune[]

up his old car" as recently as August 2006 [Tr. 689]. To Ms. Hill, plaintiff reported the

following 2003 activities:

> The only time he was out of state was to a wedding in Myrtle Beach, and he
> did go up to Bristol, Tennessee to see one of the NASCAR races this year. He
> gets to a flea market once every three to four months and did go to a car show
> in Pigeon Forge, Tennessee, and gets out to eat once every week or two. He
> likes to fish. He has been four times by himself, and he will take the kids
> fishing almost every weekend weather permitting, and he remembered doing
> camping one time this year.

[Tr. 496-97].

An ALJ may consider activities, both daily and sporadic, in determining the

credibility of a claimant's subjective complaints. *See Cohen v. Sec'y of Dep't of Health &*

*Human Servs.*, 964 F.2d 524, 529-31 (6th Cir. 1992) (dismissing nonsustained activity on the

unique facts of that case); *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 921 (6th

Cir. 1987). The present plaintiff's activities - sporadic or not - are wholly inconsistent with

the lifestyle of a claimant who "just lays around" and "can't get out and do anything[.]"

For reasons provided herein, the undersigned shares the Commissioner's

suspicion that plaintiff is a less than forthright claimant. The court is in no way satisfied that

"all essential factual issues have been resolved [or that] the record adequately establishes []

plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176. Benefits will not be awarded

by this reviewing court at this time.

## C. Conclusion

This matter will be remanded to the Commissioner for a more careful evaluation of plaintiff's claim in light of the issues raised herein. The rehearing - and any other future hearing involving this claimant - must take place before a different ALJ.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge